NELSON, J.
Daniel Conant, Jr. (Conant) and Cameron Trevino (Trevino) were each separately charged with violating CTC 3-1-123, Disobedience of a Lawful Court Order. The cases were combined at the Initial Hearing as both had similar issues. Conant was alleged to have violated a pre-trial release condition ordered by a Washington State Superior Court. Trevino was alleged to have violated a condition of probation ordered by a United States District Court. The Tribal Court in each case dismissed the complaints against Conant and Trevino on the grounds that CTC 3-1-123 does not apply to orders issued by foreign courts. We affirm.
ISSUE
Whether the Tribal Court erred as a matter of law in dismissing the complaints against the appellees on the grounds that CTC 3-1-123 does not apply to orders issued by foreign courts.
STANDARD OF REVIEW
The issue before the court is solely one of law. Alleged errors of law are reviewed de novo. Colville Confederated Tribes v. Naff, 2 CCAR 50, 2 CTCR 08, 22 IlR 6059 (1995). Wiley, et al v. Colville Confederated Tribes, 2 CCAR 60, 2 CTCR *359 09, 22 ILR 6059 (1995); Palmer v. Millard, et al, 3 CCAR 27, 2 CTCR 14, 23 ILR 6094 (1996)
FACTS
Conant was alleged to have violated an order releasing him from custody on the condition that he not drive an automobile other than to and from his place of work. The order was issued by the Okanogan Superior Court, Case No. 11-1-00085-9. He admitted to tribal police officers that he drove an automobile within the exterior boundaries of the Colville Indian Reservation in violation of the order of the Superi- or Court.
Trevino was arrested within the exterior boundaries of the Colville Indian Reservation for Driving While License Suspended (DWLS), a violation of CTC 3-3-5. At the time of his arrest, Trevino was on probation for his conviction in United States Federal Court for being a Felon in Possession of a Firearm, 18 U.S.C. 922(g)(1). Case No.2011CR00005-001. A condition of his probation was that he not violate federal, state, or local law, which in this case, was Driving While License Suspended. Accordingly, the Tribes charged him with violating CTC 3-1-123, for disobeying the federal court order.
DISCUSSION
The issue before us is whether CTC 3-1-123 is applicable to orders, subpoenas, or warrants issued by a foreign court. CTC 3-1-123 states:
“Disobedience of a Lawful Order of the Court. Any person who willfully violates a lawful order, subpoena, or warrant issue by the Tribal Court, or any officer thereof shall be guilty of Disobedience to a Lawful Court Order. Disobedience of a Lawful Court Order is a Class B offense.”
The Tribes contend the statute is not clear on its face and, for this reason, we must look “to the Tribal Code as a whole”. Appellant Conant brief, Pg. 3. In essence, the Tribes argue that CTC 3-1-123 should be interpreted as a tool to protect tribal sovereignty and the general welfare of the reservation community.
The Tribes further argue that CTC 3-1-231 supports their contention that CTC 3-2-123 is applicable to foreign orders. CTC 3-1-231 Violation of Federal or State Law states:
Violation of Federal or State Law. Any person who shall commit any act which would be violative of federal criminal law or Washington criminal law, unless authorized by tribal law, shall be guilty of Violation of Federal or State law under this Section. Violation of Federal or State Law is a Class A offense.” [1]
The Tribes’ final argument is that because CTC 3-1-123 is unclear on its face and ambiguous we should apply the last antecedent rule. The last antecedent rule is a doctrine of statutory interpretation whereby “(r)eferential and qualifying phrases, where no contrary intention appears, refer solely to the last antecedent.” A Manual of Style for Contract Drafting, Kenneth A. Adams. The Tribes contend the last antecedent rule mandates that the trial court recognize orders and subpoenas of foreign courts, but not their warrants.[2]
Before further considering the arguments of the appellant, we first look to *360 the Tribal Code for guidance in interpreting its statutes. CTC § l-l-7(b) directs that we look at the statute’s language and give words their plain meaning. We proceed “to extrinsic interpretive aids only when the statute contains unclear or ambiguous language. Green v. Green, 5 CTCR 29, 10 CCAR 37, 9 Am. Tribal Law 258 (2011). We find that the statute in question, CTC 1-2-123, is clear on its face and is not ambiguous.
Accordingly, there is no need to further consider the arguments set forth by the appellant alleging the statute is ambiguous.
The decisions of the trial courts are AFFIRMED.

. The court is presently reviewing this statute r for its constitutionality. See CCT v. Vincent, AP14-002.

. "We do not decide whether such a doctrine applies to the interpretation of tribal legislation. Careful drafting can, however, avoid having the issue arise.”