BONGA, J.
This matter came before the Court of Appeals (COA) for an Initial Hearing on November 20, 2015. Parker Parsons, Northwest Justice Project, appeared for Appellant. Appellee appeared personally and was not represented by a spokesperson.
After a review of the record and the law, the COA finds that the Trial Court did not have subject matter jurisdiction. Therefore this case shall be remanded to the Trial Court for dismissal.
SUMMARY
A Petition for Custody and/or Support and a Proposed Parenting Plan were filed by Appellee/Petitioner on January 30, 2015. In his petition, Appellee/Petitioner states that the Trial Court has jurisdiction over this matter. Petition for Custody and/or Support, I. Jurisdiction. He goes on to state that he does not live on the Colville Indian Reservation but he is a member of the Colville Tribe. He then states that the Appellant/Respondent does not reside on the Colville Reservation. The minor child does not live on the Colville Reservation and is not enrolled, though Appellee/Petitioner states that the minor “could be enrolled if not for the mothers [sic] interference.”
In her answer, Appellant/Respondent argues that the Court does not have jurisdiction, that she is not a member of the Colville, and that the minor does not live, and has never lived, on the Colville Reservation. She also states that the Appel-lee/Petitioner has not lived on the Colville Reservation for at least five years. Appellant/Respondent denies that the minor could be eligible for enrollment with the Tribe.
A paternity hearing was held on June 30, 2015. At that hearing the Trial Court found that both parties consented to jurisdiction for purposes of establishing paternity, pursuant to § 2-2-1 of the Colville Tribal Law and Order Code (CTLOC)[1]. The Trial Court found that the Court had subject matter jurisdiction over the parties
*57 by citing to Chapter 5-1[2] of the CTLOC. The Trial Court cites to CTLOC 1-1-70[3] and 1-1-431[4] as granting jurisdiction to the Court. The Trial Court went on to interpret the language in In Re the Name Change of Mitzi Jean Sweowat, 10 CCAR 01, 5 CTCR 19, 36 I.L.R. 6041 (2009) as granting broad scope of authority to the Courts in determining jurisdiction[5].
A custody hearing was held on September 3, 2015. Both parties appeared and neither were represented by a spokesperson. The Court found that there was a domestic violence incident in which the Appellant/Respondent was the perpetrator. Custody was awarded to the Appel-lee/Petitioner. Appellant/Respondent timely filed an appeal.
JURISDICTION
“The issue of subject matter jurisdiction is a question of law, subject to a review de novo. We review findings of fact under the clearly erroneous standard, and errors of law de novo.” Green v. Green, 10 CCAR 37, 5 CTCR 29, 9 Am. Tribal Law 258 (2011). “The question of jurisdiction is entirely one of law. The standard of review for questions of law is non-deferential to findings and conclusions of the trial court and is de novo.” Hoover v. CCT, 6 CCAR 16, 3 CTCR 44, 26 I.L.R. 6035, — Am. Tribal Law - (2002).
DISCUSSION
This Court discussed subject matter jurisdiction briefly in Freund v. Pearson, 1 CCAR 29, 1 CTCR 43, 16 I.L.R. 6150 (09-28-1989). Appellant Freund argued that the Court did not have subject matter jurisdiction because he was not domiciled on the Colville Reservation, citing Mississippi Band of Choetaw Indians v. Holy-field (U.S. Supreme Court, decided 04-03-1989) 16 I.L.R. 1008. This Court found that his argument was not supported as it *58 dealt with the exclusive jurisdiction of Indian children under the Indian Child Welfare Act (ICWA). The minors in Freund were not subject to ICWA, but were before the Court pursuant to the Tribes’ Domestic Relations code. The Court concluded that the Tribe had exclusive jurisdiction because of the “on reservation domicile of the mother.”
The child in the instant case is also not subject to the ICWA. The case was brought before the Trial Court pursuant to CTLOC Title 5-1. Therefore the domicile of the child follows the domicile of the mother, which is off-reservation.
The Trial Court denied the Appellant/Respondent’s motion to dismiss and ruled that there was jurisdiction in addition to 5-1 through sections 1-1-430 and 1-1-431(a)(10). This Court states that “this section (1-1-431(a)(10)) clearly is in keeping with the overall jurisdiction section providing for exercise of jurisdiction to the greatest extent permissible by the law because authorized civil jurisdiction over “all causes of action which involve a member of the Tribe.” Sweowat, supra. As stated before, the facts of this case indicate that neither Appellant Gardner nor her daughter, Haley, are members or eligible for membership in the Tribes. The fact that Haley may be eligible at some time in the future for care through Indian Health Services is irrelevant in determining if Haley is a member of the Tribes which is necessary for jurisdiction by the Tribes’ court system. The child is a descendant and not eligible for enrollment as a member[6]. The Appellant/Respondent has argued at all times that the Court did not have jurisdiction to hear this matter. This Court agrees. It appears that the Trial Court over-reached to find jurisdiction over this custody.
Based on the forgoing, this Court finds that the Trial Court did not have subject matter jurisdiction to entertain this case. The order granting custody on September 15, 2015 should be vacated, and this case should be remanded to the Trial Court for dismissal.
It is ORDERED that:
1. The Trial Court did not have jurisdiction to hear this matter.
2. The Findings of Fact, Conclusions of Law, and Decree of Custody entered on September 15, 2015, are vacated.
3. This case is remanded to the Trial Court for entry of an order of dismissal.

. 2-2-1. Jurisdiction Generally. The Court shall have jurisdiction of all suits involving persons residing within the Tribal jurisdiction as defined by this Code and all other suits in which a party is deemed to have consented to the jurisdiction of the Court, or in which the events giving rise to the action occurred within the Tribal jurisdiction as defined by this Code.

. 5-1-205. Jurisdiction, (a) the Court shall have jurisdiction of any action to determine paternity brought under this Chapter. The action may be joined with an action for divorce, dissolution, annulment, declaration of invalidity, separate maintenance, filiation, child support, or any other civil action in whicji paternity is an issue including proceedings in Juvenile Court ...

. Colville Tribal Court Jurisdiction—Defined. The jurisdiction of the Tribal Court and the effective area of this Code shall include all territory within the Reservation boundaries, and the lands outside the boundaries of the Reservation held in trust by the United States for Tribal members of the Tribes, and it shall be over all persons therein ... To the greatest extent permissible by law, the jurisdiction of the Tribal Court shall apply to all persons on lands in the North Half and on other lands w[h]ere the Colville Tribes may be authorized to enforce its interests or rights and members asserting rights held by the Tribe without regard to location.

. Acts Submitting Person to Jurisdiction of Tribal Court, (a) The Colville Confederated Tribes shall have civil jurisdiction over: (1) any person residing or present within the Reservation or lands outside the boundaries of the Reservation held in trust by the United States for Tribal members of the Tribes; ... (6) Children and their parent(s), guardian, legal custodians or other persons with responsibility for or control of the child who leave the exterior boundaries of the Reservation and over whom the Court had jurisdiction at the time they left; (7) Persons living in a marital relationship within the Reservation notwithstanding subsequent departure from the Reservation, so long as the petitioning party has continued to reside on the Reservation; (8) Persons engaging in the act of sexual intercourse within the Reservation with respect to which a child may have been conceived; ... (11) Any child custody proceeding as defined in the Indian Child Welfare Act, 25 U.S.C. § 1903(1)...

."This Court will continue to view the jurisdiction of the Tribes broadly unless there is an express limitation on the exercise of that jurisdiction.”

. Appellee/Petitioner argued before this Court that the child was enrolled as a descendant, but that designation was determined to pertain to Indian Health Services benefit eligibility only. There is nothing in the CTLOC Enrollment Statute, Chapter 8-1, which confers any type of membership on descendants.